IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| L.R. BRETZ, | CV-19-73-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |
| UNITED STATES OF AMERICA, *et al*, | |
| Defendants. | |

Plaintiff L.R. Bretz ("Bretz") filed this action against the United States of America, American Medical Response, Contractors Bonding and Insurance Company, Fischer & Erwin, and Baumgardner-Lind Adjustors, Inc., alleging various causes of action related to a personal injury he suffered in July 2016. (Doc. 1.)  Pertinent to the instant matter, Bretz asserts three claims against the United States in Counts 4, 5, and 8 of the Complaint.  (*Id.* at 6, 7, and 14.)

Before the Court is the United States' Motion to Dismiss all three claims under Fed. R. Civ. P 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.  (Doc. 5 at 2.)  Bretz filed a response on January 31, 2020.  (Doc. 15.)  The United States filed a reply on February 20, 2020.  (Doc. 20.)

This matter is fully briefed and for the following reasons this Court recommends Defendant United States' motion (Doc. 5) be GRANTED in part and DENIED in part.

## I.  Factual Background

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations set out in the complaint and draw inferences in the light most favorable to the plaintiff.  *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009).  When resolving a facial challenge to the plaintiff's jurisdictional allegations under Rule 12(b)(1), a court applies the same standard.  *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014).  Therefore, the following facts are taken from Bretz's Complaint and accepted as true.

Bretz has lived in a nine-unit apartment complex in Billings, Montana, since 1982.  (Doc. 1 at ¶ 2.)  At some unspecified time, Bretz's landlord gave notice that the U.S. Postal Service ("USPS") had approved a change of service to a "cluster box," which appears to have changed the location of mail service for the apartment complex.  (*Id.*)  The change in location brought mail service in proximity to an alleged hazard, described as "deep-deep sump light."  (*Id.*)  Bretz alleges that the landlord and a USPS employee represented that safe access to the cluster box was a "joint duty," and the USPS would have "primary duty to ensure such safety as a matter of 'delivery duty' and Post Office 'rules.'"  (*Id.*)

2

On July 11, 2016, Bretz was injured while accessing the cluster mailbox. (*Id.* at ¶¶ 4, 7.)  Bretz's injury required hospitalization at the Billings Clinic from July 11-13, 2016.  (*Id.* at ¶ 11.)  Bretz is a World War II veteran with a "U.S. Veterans Administration disability determination."  (*Id.* at ¶ 2.)  Nevertheless, the Billings Clinic allegedly sent the bill for emergency care to the U.S. Dept. of Health and Human Service – Medicare Services ("HHS"), instead of the Department of Veterans Administration ("VA").  (*Id.* at ¶ 11.)  Bretz alleges that HHS made the decision to "honor Billings Clinic's charge for 'emergency service.'"  (*Id.* at ¶ 16.)

On August 22, 2017, Bretz submitted an administrative claim under the Federal Torts Claim Act ("FTCA") to the USPS.  (*Id.* at ¶ 17.)  Bretz's claim was assigned to David Kupper, attorney at the USPS National Tort Center.  (*Id.* at ¶ 18.)  Kupper notified Bretz on September 26, 2017, that he would review the claim, and determine the USPS's legal liability within six months.  (*Id.*; *see* Doc. 7-2.)

In a letter dated September 29, 2017, Kupper denied Bretz's claim.  (Doc. 1 at ¶ 19; *see* Doc. 7-3.)  Kupper also notified Bretz of his right to request reconsideration with the USPS.  (Docs. 1 at ¶ 19; 7-3 at 1-2.)  Bretz mailed a request for reconsideration on March 20, 2018.  (Doc. 1 at ¶ 20.)

Bretz filed the instant action on July 8, 2019.  (Doc. 1.)  Bretz's Complaint alleges three claims against the United States.  In Count 4, Bretz alleges that he did not consent to Billings Clinic's submitting a claim for Medicare insurance on his behalf, instead of properly submitting the claim to the VA, and that HHS negligently paid the charges on his behalf.  (*Id.* at ¶¶ 15-16.)  Bretz states that HHS knew he was a veteran entitled to VA benefits, and he had not provided authorization for payment of Medicare benefits.  (*Id.* at ¶ 15.)  In Count 5, Bretz alleges that he submitted an administrative claim to the USPS based on his accident.  (*Id.* at ¶ 17.)  He alleges that his accident was due to a "faulted ensurance [sic] of safe access to a 'cluster box,'" and that "the defective handrail was a part of providing safety of access."  (*Id.* at ¶ 21.)  Finally, in Count 8, he alleges that the VA did not timely process an appeal or acknowledge notice of appeal until three and one-half years after it was filed.  (*Id.* at ¶ 36.)

## II.   Standard of Review

Fed. R. Civ. P. 12(b)(1) governs a motion to dismiss for lack of subject matter jurisdiction.  A defendant may challenge the plaintiff's jurisdictional allegations under Rule 12(b)(1) in one of two ways: "as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations."  *Atlantic Richfield Co. v. Christian*, 2016 WL 8677253, *3 (D. Mont. July 8, 2016); *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  "In a facial

4

attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A facial attack is resolved in the same manner as a motion to dismiss under Rule 12(b)(6).  The court accepts the plaintiff's allegations as true, draws all reasonable inferences in the plaintiff's favor, and determines whether the allegations are sufficient to invoke the court's jurisdiction.  *Leite,* 749 F.3d at 1121.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); see also *Chavez v. Bank of America, N.A.*, 2010 WL 1854087 at *4 (E.D. Cal. 2010) (summarizing the legal standard to be applied to Rule 12(b)(6) motions to dismiss).  "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

The Court evaluates Rule 12(b)(6) motions to dismiss in light of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is

5

entitled to relief." While "detailed factual allegations" are not required, Rule 8

"demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations

omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do ..." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (quotations and citations omitted). "Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

     "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

(citing *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the facts

pled "allow[] the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The claim

need not be probable, but there must be "more than a sheer possibility that a

defendant has acted unlawfully." *Id.* Facts that are "merely consistent with" a

defendant's liability fall short of this standard. *Id.* "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to

relief.'" *Id.* at 679.

The Court's review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is generally confined to the pleadings. *Ritchie*, 342 F.3d at 907; *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011). However, the Court also may consider documents attached to the pleadings and may consider documents incorporated into the pleadings by reference. *Ritchie*, 342 F.3d at 908. Documents may be incorporated by reference into the pleadings where "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Corinthian Colleges*, 655 F.3d at 999.

## III.   Discussion

The United States moves the Court to dismiss Bretz's claims under Fed. R. Civ. P 12(b)(1) and (6). The United States first mounts a facial attack under Rule 12(b)(1) and argues that there is no subject matter jurisdiction or waiver of sovereign immunity based on the jurisdictional allegations in the Complaint. (Doc. 6 at 3.) Next, the United States argues that in the event a claim under the FTCA can be read into the Complaint, the claim is time barred by the law's statute of limitations. (*Id.* at 7-8.) Last, the United States argues that the claims involving HHS and VA in Counts 4 and 8 fail to state a claim under Rule 12(b)(6). (*Id.* at 11, 13.)

The Court will address each argument in turn.

7

### A.    Jurisdiction

The United States, as a sovereign, is immune from suit unless it has

expressly waived its immunity and consented to suit.  *United States v. Shaw*, 309

U.S. 495, 500-501 (1940); *FDIC v. Meyer*, 510 U.S. 471 (1994).  The existence of

such consent is a prerequisite for jurisdiction.  *United States v. Mitchell*, 463 U.S.

206, 212 (1983).  The United States argues that Bretz's Complaint does not allege

a requisite waiver of sovereign immunity and grant of jurisdiction in this Court.

Bretz alleges jurisdiction is "based on Amendment Article V of the U.S.

Constitution, and 18 U.S.C. §§ 1961(3), 1341, 1503 and 1951, and because of

claim of damage in excess of $100,000."  (Doc. 1 at ¶ 1.)  He also later alleges a

violation of 18 U.S.C. § 1546.  (*Id.* at ¶ 12.)  None of these jurisdictional

allegations involve a waiver of sovereign immunity by the United States or a grant

of jurisdiction for Bretz's claims.  With respect to Bretz's claim based on the U.S.

Constitution, there is no waiver of sovereign immunity to sue the United States or

its agencies for money damages based on allegations that the Constitution has been

violated.  *Meyer*, 510 U.S. at 486; *Arnsberg v. United States*, 757 F.2d 971, 980

(9th Cir. 1985); *Clemente v. United States*, 766 F.2d 1358, 1363 (9th Cir. 1985).

The remaining jurisdictional allegations in the Complaint refer to federal

criminal statutes: 18 U.S.C § 1961 *et seq.* (Racketeer Influenced and Corrupt

Organizations); 18 U.S.C. § 1341 (Mail Fraud and Swindles); 18 U.S.C. § 1503

8

(Obstruction of Justice/Influencing or injuring officer or juror generally); 18
U.S.C. § 1546 (Fraud and misuse of visas, permits, and other documents); 18
U.S.C. § 1951 (Racketeering/Interference with commerce by threats or violence);
18 U.S.C. § 1861 (Deception of prospective buyers);[1] and 18 U.S.C. § 1001 (Fraud
and False Statements).  (Doc. 1 at ¶¶ 1, 12, 35.)  None of these statutes provide for
a waiver of sovereign immunity by the United States.  Additionally, absent a
provision for a private right of action, criminal statutes do not provide the basis for
civil liability.  *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

Finally, the allegation regarding his claim for damages exceeding $100,000
is irrelevant to any claim against the United States.  To the extent it is alleged to
satisfy diversity jurisdiction under 28 U.S.C. § 1332, that statue neither confers
jurisdiction for claims against the United States, nor does it not contain a waiver of
sovereign immunity.  *McMillan v. Department of Interior*, 907 F.Supp. 322, 326
(D. Nev. 1995).

Therefore, the Court finds the general jurisdictional allegations of Bretz's
Complaint are not sufficient to invoke the Court's jurisdiction.

---

[1] *Verbatim*. The Court believes Bretz's allegation relating to 18 U.S.C. § 1861 to
be a simple typo.  *See* Doc. 1 at ¶ 35.  It appears Bretz was reiterating § 1961,
which comports with his allegation relating to RICO.  To the extent Bretz intended
to allege jurisdiction under RICO, the civil remedies section for RICO claims does
not provide a cause of action against the United States.  *Berger v. Pierce*, 933 F.2d
393, 397 (9th Cir. 1991); *United States v. Bonanno Organized Crime Family of La
Cosa Nostra*, 879 F.2d 20, 23 (2nd Cir. 1989).

Nevertheless, the Court finds that Bretz's Complaint is sufficient to invoke jurisdiction under the FTCA with respect to Count 5.  The FTCA waives sovereign immunity for certain torts claims, and provides "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances …"  28 U.S.C. § 2674.  The FTCA also grants exclusive jurisdiction of such claims in federal district court, providing that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages … for injury … caused by the negligent or wrongful act or omission of any employee … under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).

As a prerequisite to suit under the FTCA, a plaintiff must first present an administrative tort claim "to the appropriate Federal agency, and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  In his Complaint, Bretz alleges that he presented an administrative claim to the USPS on September 8, 2017, "as per 28 C.F.R. 14.2."  (Doc. 1 at ¶ 17.)  This section of the C.F.R. governs the presentment of such a claim to a federal agency under the FTCA.  He further alleges the USPS denied the claim on September 29, 2017, and that he submitted a request for reconsideration on March 20, 2018.  (*Id.* at ¶¶ 19-20.)

The Complaint also alleges that the claim specified that his accident was based on unsafe access to a cluster box and includes an allegation of a defective handrail.  (*Id.* at ¶ 21.)  He also indicates his disagreement with the USPS's "representation that the Postal Service had no responsibility for safety of access to the 'cluster box.'"  (*Id.*)  Rather, Bretz alleges that the USPS approved the delivery of mail to the cluster box and had assumed responsibility to ensure safe access to the box.  (*Id.* at ¶ 2.)

When considering a *pro se* complaint, a court is to construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc)).  The Court finds the allegations of Bretz's Complaint are sufficient to invoke the FTCA's waiver of sovereign immunity and grant of jurisdiction, as well as state a plausible claim for relief.  Bretz describes his efforts to satisfy the FTCA's administrative claim requirements and alleges facts which permit the reasonable inference that the USPS could be liable for his injury.  That is, the USPS approved a change in his mail service to a "multi-box called a 'cluster box'"; assumed responsibility for providing safe access to the box; and safe access to the cluster box was not provided, leading to Bretz's injury.  (*Id.* at ¶¶ 2, 21.)

///

///

11

## B.    Statute of Limitations

The FTCA also contains certain time limitations for the filing of an

administrative claim and for filing an action in federal district court in 28 U.S.C. §

2401(b), which states:

> A tort claim against the United States shall be forever barred unless it
> is presented in writing to the appropriate Federal agency within two
> years after such claim accrues or unless action is begun within six
> months after the date of mailing, by certified or registered mail, of a
> notice of final denial of the claim by the agency to which it was
> presented.

The United States argues that Bretz's FTCA claim is time barred under §

2401(b).  (Doc. 6 at 7.)  Specifically, the United States argues that the section

requires an action to be filed within six months of notice of final denial of the

claim by the agency.  (*Id.* at 8.)  The United States proffers the declaration of

David R. Kupper, attorney for the USPS Law Department, National Tort Center,

who was assigned Bretz's administrative claim.  (Doc. 7.)  Kupper avers that he

issued Bretz a denial notice on September 29, 2017, which contained special

advisement as to Bretz's timely options for suit in federal court or reconsideration

before the agency.  (*Id.* at ¶ 6; *see* Doc. 7-3.)  Bretz requested reconsideration on

March 20, 2018.  (Doc. 1 at ¶ 20.)  Kupper states the request was denied on March

28, 2018.  (*Id*. at ¶¶ 8-9; *see* Docs. 7-4, 7-5.)  The United States thus argues that

Bretz's six-month window began at the March 28, 2018 mailing of Final Denial

12

and had expired by the time Bretz filed the instant suit "on September 30, 2019."

(Doc. 6 at 10.)

Nevertheless, the Court finds it is not appropriate to consider Kupper's declaration in connection with the present motion.  The United States Supreme Court has determined that § 2401's time requirements are not jurisdictional and may be equitably tolled.  *Kwai Fun Wong v. Beebe*, 575 U.S. 402, 412 (2015).  Therefore, Bretz's FTCA claim is not subject to dismissal under Rule 12(b)(1) for lack of subject matter based on the failure to comply with the FTCA's time limitations.  Rather, the United States' motion must be considered under Rule 12(b)(6).

In general, when considering a Rule 12(b)(6) motion, a court cannot consider material outside the complaint.  *Saldate v. Wilshire Credit Crop.,* 686 F.Supp.2d 10511, 1058 (E.D. Cal. 2010).  Accordingly, a "claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when running of the statute [of limitations] is apparent on the face of the complaint.'"  *U.S. ex rel. Air Control Technologies, Inc. v. Pre Con*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)).  Further, because it is subject to equitable tolling "[a] motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the

13

plaintiff to prove the statute was tolled.'" *Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206 (9th Cir. 1995).  In *Supermail*, the Ninth Circuit made clear "we must reverse if the factual and legal issues are not sufficiently clear to permit us to determine with certainty whether the doctrine could be successfully invoked." *Id.* at 1207.

In this case, it is not apparent from the face of the Complaint that the statute of limitations had run on Bretz's claim.  Bretz acknowledges in his Complaint that his administrative claim was initially denied by the USPS on September 29, 2017. (Doc. 1 at ¶ 19.)  Therefore, under 28 U.S.C. § 2401, Bretz had six months after the date of mailing of the notice of denial to file suit.  But Bretz also alleges that he submitted a request to reconsider on March 20, 2018.  This effectively tolled the running of the limitations period pursuant to 28 C.F.R. § 14.9, which provides:

> Upon timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration.

The referenced "option under § 2675(a)" provides that "[t]he failure of the agency to make a final disposition of a claim within six months after it is filed shall *at the option of the claimant any time thereafter*, be deemed a final denial of the claim for purposes of this section."  (Emphasis added) 28 U.S.C. 2675(a).  Thus the "option" is to either treat the agency's failure to make a disposition within six

14

months as a denial of the claim or wait for the agency's final disposition of the claim and then file suit within six months. *Lehman v. U.S.*, 154 F.3d 1010, 1013 (9th Cir. 1998). If the agency does not act, the six-month window for filing an action in federal district court does not begin to run. See e.g., *Reo v. U.S. Postal Service*, 98 F.3d 73, 78 (3rd Cir. 1996) (if agency does not formally deny claim, claimant can wait indefinitely before filing suit).

Here, it is not apparent from the Complaint when the request for reconsideration was denied, or if it was ever acted on by the agency. (*See e.g.* Doc. 1 at ¶ 21.) Therefore, it cannot be determined from the face of the Complaint whether Bretz's action was filed within six months of final agency action on his request for reconsideration.

With respect to the Kupper declaration, the Court recognizes it has discretion under F. R. Civ. P. 12(d) to accept and consider extrinsic matters offered in a Rule 12(b)(6) motion, and to convert the motion to dismiss to one for summary judgment. The Court finds, however, that it would be more appropriate for the United States to file a motion for summary judgment on the statute of limitations issue, if it chooses to do so. That would allow the parties the opportunity to comply with L.R. 56.1 and file a Statement of Undisputed Facts and Statement of Disputed Facts to determine what issues of fact, if any, may remain to be resolved with respect to the statute of limitations issue. Further, given the Ninth

15

Circuit's admonition regarding dismissal based on statute of limitations where equitable tolling may apply, the parties should be provided the opportunity to present any facts and argument they may have on the issue of equitable tolling.

### C.   Remaining Claims

#### 1.   Count 4

In Count 4, Bretz alleges that he was billed $11,000 by the Billings Clinic for emergency services, which was sent to HHS.  (Doc. 1 at ¶ 14.)  Bretz further alleges that HHS should have known that he was a veteran and entitled to VA medical benefits.  (*Id.* at ¶ 15.)  Nevertheless, he states that HHS negligently paid a portion of the Billings Clinic charges.  (*Id.* at ¶ 16.)

The Court agrees with the United States that Bretz has not identified any federal statute or regulation that has been violated, or which could conceivably provide Bretz with a viable remedy.  Moreover, the allegations do not give rise to a claim under the FTCA.  As set forth above, the United States' waiver of sovereign immunity provides the United States shall be liable "in the same manner and to the same extent as a private individual in like circumstances."  28 U.S.C. § 2674.  It further provides jurisdiction in circumstances "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b). "The United States Supreme Court has interpreted the "law of the place," in § 1346(b) as referring to

the law of the state where the act or omission occurred.  *Meyer*, 510 U.S. at 478.

Thus, the relevant inquiry under the FTCA is whether a "private person" would be

liable under state law in like circumstances.  *See United States v. Olson*, 546 U.S.

43, 45-46 (2005).  There is simply no cognizable tort claim under Montana law

which would impose liability on any individual or entity for making payment on

another person's medical bills.

### 2.    Count 8

In Count 8, it appears Bretz challenges the timeliness of the VA's handling

of an appeal, although it is entirely unclear what he may be appealing.  To the

extent this is a due process claim, the United States has not waived sovereign

immunity for such claims, as discussed above.  If it is intended as an FTCA claim,

it does not fall within the FTCA's waiver of sovereign immunity, because a private

person would obviously not be liable under Montana law for the failure to process

Bretz's VA appeal.  Finally, to the extent Bretz intends to raise any claim that

relate to the VA's payment or reimbursement of medical expenses, this Court lacks

jurisdiction.  In the Veteran's Judicial Review Act, Congress expressly vested

exclusive jurisdiction over claims related to VA benefits in the United States Court

of Appeals for Veteran Claims and the Court of Appeals for the Federal Circuit.

*Veterans for Common Cause v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012).

* * *

The Court, therefore, recommends dismissal of Counts 4 and 8 of Bretz's Complaint.  The Court further finds that any amendment based on Bretz's claim that HHS improperly paid a portion of his medical charges, or that the VA did not timely process a medical benefits appeal, would be futile.  Therefore, it is recommended that dismissal be with prejudice.

## IV.   Conclusion

Based on the foregoing findings, IT IS RECOMMENDED that the United States' Motion to Dismiss (Doc. 5) be:

1.     GRANTED with respect to Counts 4 and 8 of the Complaint with prejudice; and

2.     DENIED as to Bretz's FTCA claim in Count 5 of the Complaint, without prejudice to the United States' right to raise the statute of limitations issue by motion for summary judgment.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies

/ / /

served on opposing counsel within fourteen (14) days after entry hereof, or

objection is waived.  D. Mont. Local Rule 72.3.

    **IT IS ORDERED**.

    DATED this 12th day of August, 2020.

                    _____
                    TIMOTHY J. CAVAN
                    United States Magistrate Judge