IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| L.R. BRETZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, *et al*,<br><br>　　　　　Defendants. | CV 19-73-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE** |

Before the Court is Defendant United States' Motion for Summary Judgment as to Plaintiff L.R. Bretz's remaining claim against the United States (Count 5) under the Federal Torts Claim Act ("FTCA"). (Doc. 26.) Having considered the parties' submissions, the Court finds there are no genuine issues of material fact and the United States is entitled to judgment as a matter of law. Therefore, the Court recommends the motion be **GRANTED**.

I.   **Background**[1]

The Court has previously provided a detailed factual background in its Findings and Recommendations to the United States' Motion to Dismiss. (Doc.

---

[1] The background facts set forth here are relevant to the Court's determination of the pending motion for summary judgment, are taken from the parties' submissions, and are undisputed unless otherwise indicated.

1

23.)  Therefore, the Court will recount only those facts germane to the present motion.

Bretz presented a claim under the FTCA to the U.S. Postal Service ("USPS") on August 31, 2017.  (Docs. 28 at ¶ 1; 31 at 4; *see* Docs. 7-1; 31-1 at 8.)  The USPS denied the claim on September 29, 2017.  (*Id.* at ¶ 3; *see* Doc. 7-3.)  The letter of denial notified Bretz of his options: "… a claimant may file suit in a United States District court no later than six (6) months after the date the Postal Service *mails* the notice of that final action," or, in the alternative, he can "file a written request for reconsideration with the postal official who issued the final denial of the claim."  (Emphasis original) (Docs. 7-3; 31-1 at 9-10.)

Bretz chose the latter option and sought reconsideration on March 20, 2018.  (Docs. 28 at ¶ 5; *see* Doc. 7-4.)  The USPS reviewed his request and returned a final denial of his claim on March 28, 2018, noting "your request for reconsideration is denied" and "if dissatisfied with the Postal Service's final denial of an administrative claim a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action."  (*Id.* at ¶ 6; Doc. 7-5.)  (Emphasis in original.)  Bretz contests the validity of the reconsideration.

Nearly a year later, Bretz submitted to the USPS a "Petition for Procedural Due Process," on March 5, 2019, seeking "reconsideration of an administrative

2

decision rendered contrary to law!" (Doc. 28 at ¶ 8; *see* Doc. 7-6.) The USPS sent a letter of receipt on March 6, 2019, informing Bretz it lacked the authority to consider a second reconsideration, citing to 39 C.F.R. § 912.9(d). (*Id.* at ¶ 9; *see* Doc. 7-7.) The USPS also informed Bretz that he had previously been advised in the USPS March 28, 2018 letter that his reconsideration had been denied and that his remedy was to file suit in U.S. District Court within six months from the mailing of that final denial. (*Id.*)

Bretz then filed the instant action on July 8, 2019. (Doc. 1.) The United States moved the Court to dismiss all claims against it on November 26, 2019. (Doc. 5.) The undersigned recommended that Bretz's claims against the United States be dismissed, except for Count 5's FTCA claim. (Doc. 23.) The Court found that dismissal was not appropriate under Rule 12(b)(6) because it was not apparent from the face of the Complaint whether the statute of limitations had run. (*Id.* at 14.) The Court declined to entertain the United States' extrinsic evidence – the declaration of David. R. Kupper (Doc. 7) – and convert the motion to dismiss to one for summary judgment, to allow for briefing and submission of statements of undisputed and disputed facts. (*Id.* at 15.) The Court also noted the Ninth Circuit's admonition regarding dismissal based on statute of limitations where equitable tolling may apply, urging instead to provide the opportunity to present

facts on the issue. (*Id.* at 15-16.) Judge Watters adopted this Court's Findings and Recommendations in full. (Doc. 24.)

The United States now moves for summary judgment on Bretz's remaining FTCA claim. (Doc. 26.) The United States again argues the statute of limitations under 28 U.S.C. § 2401(b) bars the claim. (Doc. 27 at 2.) In response, Bretz appears to take the position that his request for reconsideration in March 2018 was contingent on a "full complete PO investigation" to develop a "full record … to 'reconsider.'" (Doc. 30 at 6-7.) Bretz asserts that since no full investigation took place, no request for reconsideration occurred in March 2018, and thus the March 1, 2019 "Petition for Procedural Due Process" was his sole request for reconsideration. (*Id.* at 7.)

## II. Legal Standard

### A. Summary Judgment

Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable factfinder to return a verdict for the nonmoving party. *Id*. "Disputes over irrelevant or

unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party fails to discharge this initial burden, summary judgment must be denied; the court need not consider the non-moving party's evidence. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party must "go beyond the pleadings and by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The opposing party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 252).

When making this determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

**B.** ***Pro Se* Litigants**

"*Pro se* litigants 'must be ensured meaningful access to the courts.'" *Nelson v. Hibu Inc.*, 2018 WL 10246973, at *4 (D. Ariz. Feb. 16, 2018), *aff'd*, 754 F. App'x 643 (9th Cir. 2019) (quoting *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)). At summary judgment, courts still construe a *pro se* plaintiff's pleadings liberally and "tolerate informalities." *Id.*; *Rand*, 154 F.3d at 957. Even so, Local Rule 83.8(a) expressly states that self-represented litigants are "bound by the federal rules and all applicable local rules." The Ninth Circuit, too, has made clear that *pro se* litigants must abide by the rules of the court. *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). To this end, and recognizing that Bretz is a *pro se* plaintiff, the Court advised him of the "extensive information for proceeding *pro se*" that is available on the District of Montana's website. (*See* Doc. 14 at 3.)

In the instant matter, however, while Bretz filed a response brief and affidavit in support (Docs. 30, 31), he failed to file a "Statement of Disputed Facts simultaneously with and separately from the response brief," as is required by Local Rule 56.1(b).  The Court explicitly forewarned Bretz in its Findings and Recommendations to the United States' Motion to Dismiss that disposition of the statute of limitations issue was appropriate at summary judgment because it "would allow the parties the opportunity to comply with L.R. 56.1 and file a Statement of Undisputed Facts and Statement of Disputed Facts to determine what issues of fact, if any, may remain to be resolved with respect to the statute of limitations issue."  (Doc. 23 at 15.)

Under L.R. 56.1(d), failure to file a statement of disputed facts ordinarily results in the moving party's statement of undisputed facts being "deemed an admission that no material facts are in dispute."  Nevertheless, the Court will afford Bretz's submissions latitude and interpret his asserted facts as responsive to the United States' statements of fact to the extent that they are supported by evidence in the record.  See e.g., *Ryder v. Washington Mut. Bank, F.A.*, 501 F. Supp. 2d 311, 314-315 (D. Conn. 2007).

### III.  Discussion

The United States asserts Bretz's FTCA claim is time-barred and thus it is entitled to judgment as a matter of law.  The United States argues that the instant

action was filed more than a year after final denial of Bretz's request for reconsideration, and that Bretz's second request for reconsideration is improper under 39 C.F.R. § 912.9(d). (Doc. 27 at 3, 7.) Next, the United States contends that equitable tolling does not apply. (*Id.*)

The Court will address each in turn.

A. **Statute of Limitations**

As a prerequisite to suit under the FTCA, a plaintiff must first present an administrative tort claim "to the appropriate Federal agency, and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

The FTCA also contains certain time limitations for the filing of an administrative claim and for filing an action in federal district court in 28 U.S.C. § 2401(b), which states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues *or unless action is begun within six months after the date of mailing, by certified or registered mail, of a notice of final denial of the claim by the agency to which it was presented.* (Emphasis added.)

The United States contends that Bretz failed to file his complaint within the second (six-month) time requirement. In support, the United States proffers the declaration of David R. Kupper, attorney for the USPS Law Department, National Tort Center, and seven exhibits that ultimately comprise the paper trail of

8

communication between Bretz and the USPS from the initial claim through final denial and post-denial correspondence. (*See* Docs. 7 – 7-7.) The Court finds the United States has met its burden to show the absence of any issue of material fact with respect to the application of the FTCA's statute of limitations.

As noted above, the USPS received Bretz's tort claim on August 31, 2017. (Doc. 7 at ¶ 4.) The USPS mailed a denial notice to Bretz by certified mail on September 29, 2017. (Doc. 7 at ¶ 6.) The denial notice specifically advised Bretz that if he was dissatisfied with the denial, he was required to file suit in District Court within six months of the date of mailing of the denial. (*Id.*) The denial letter further gave notice that Bretz could ask for reconsideration of the denial of the administrative claim with the postal official who denied the claim prior to the expiration of six months, pursuant to 39 C.F.R.§ 912.9(b). (*Id.*)

Bretz timely requested reconsideration on March 20, 2018. (Doc. 7-4.) His request for reconsideration was denied, and the notice of final decision was mailed on March 28, 2018. (Doc. 7-5.) The denial letter clearly sets out that "your request for reconsideration is denied" based on the fact that "[n]o new evidence has been discovered to change our position on denial." (Doc. 7-5 at 1.) The denial of reconsideration also provided specific notice of the six-month period to file a claim in U.S. District Court.

Thus, the deadline for filing in federal district court under § 2401(b) was September 28, 2018.  Bretz filed the instant suit on July 8, 2019, or 15 months and 10 days after the March 28 denial letter.  (Doc. 1.)

Bretz proffers no evidence to rebut the United States showing.  Instead, Bretz takes issue with *who* conducted the reconsideration.  He appears to assert that the USPS had an obligation to have someone other than the postal official who denied the claim perform an additional investigation on reconsideration.  Bretz argues, for example, that "Kupper knew on 3/28/18 that Affiant had not requested that the Accident Investigator/Tort Claim Coordinator Frazier to reconsider his decision because he had not made such, and he had no jurisdictional authority to do a 'reconsideration'."  (Doc. 30 at 6, ¶ 9.)  Bretz offers no legal argument in support of his proposition that he is entitled to a certain administrative adjudicator at the USPS, nor any evidence to suggest that the reconsideration he requested was not duly performed.  The effect is that Bretz fails to make any showing to dispute the United States' evidentiary facts, or to undermine the conclusion that his claim is barred by the statute of limitations.

**B.     Second Request for Reconsideration**

Bretz also contends, however, that he sent a second request for reconsideration prior to filing suit.  Bretz sent a document dated March 5, 2019 to the USPS, titled "Petition for Procedural Due Process Right—to—be—Heard."

(Doc. 7 at ¶ 10.) This submission has no impact on the statute of limitations analysis. First, even if this correspondence could be construed as another request for reconsideration, it was clearly not timely. It was sent almost a year after final denial of Bretz's request for reconsideration, far outside the six-month limit set forth in 28 U.S.C. § 2401(b). Additionally, only one request for reconsideration of a claim is allowed under 39 C.F.R. § 912.9(d), which provides "[o]nly one request for reconsideration of a final denial may be filed. A claimant shall have no right to file a request for reconsideration of a final denial issued in response to a request for reconsideration."

As noted by the Ninth Circuit when considering whether the statute of limitations clock is restarted by filing successive administrative claims within the initial two-year period, "[i]f Congress mandated that suit be brought within six months after administrative denial of a claim, as we hold that it did, the bar cannot be avoided by starting all over again." *Willis v. United States*, 719 F.2d at 608, 613 (9th Cir. 1983).

    **C.**    **Equitable Tolling**

Section 2401's time requirements are subject to equitable tolling. *Kwai Fun Wong v. Beebe*, 575 U.S. 402, 412 (2015). Equitable tolling "means a court usually may pause the running of a limitations statute in private litigation when a party 'has pursued his rights diligently but some extraordinary circumstance'

11

prevents him from meeting a deadline." *Id.* at 408. This general rule also applies to suits brought against the United States. *Id.*; *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990). The first element, diligence, requires "the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Booth v. United States*, 914 F.3d 1199, 1207 (9th Cir. 2019) (citation omitted). The second element requires a showing that extraordinary circumstances "were the cause of [] untimeliness and … made it impossible to file the document on time." *Id.*

The Court finds Bretz has not established a genuine issue of material fact that extraordinary circumstances prevented him from meeting the statute of limitations' deadline. Bretz offers a list of "unjust conduct," which he contends supports the application of "equitable rules." (Doc. 30 at 10-12.) But Bretz does not explain how any of the claims of unjust conduct would have presented an impediment to his timely complying with the FTCA's time limitations, much less rendering it impossible to file his complaint within the statute of limitations.

### IV. Conclusion

The Court finds Bretz's claim under the FTCA is barred by the statute of limitations imposed by 28 U.S.C. § 2401(b). The Court also finds that Bretz is not entitled to equitable tolling. Therefore,

IT IS RECOMMENDED that the United States' Motion for Summary Judgment (Doc. 26) be GRANTED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived. D. Mont. Local Rule 72.3.

**IT IS ORDERED**.

DATED this 3rd day of June, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge