IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| L.R. BRETZ,<br><br>            Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, *et al*,<br><br>            Defendants. | CV 19-73-BLG-SPW<br><br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

Before the Court are U.S. Magistrate Judge Cavan's Amended Findings and Recommendations on Defendant United States' Motion for Summary Judgment (Doc. 26). (Doc. 39). The United States seeks summary judgment on *pro se* Plaintiff L.R. Bretz' lone remaining claim (Count 5) under the Federal Torts Claim Act ("FTCA"). (Doc. 26). Judge Cavan found that summary judgment was appropriate and recommended that the motion be granted. (Doc. 39 at 1). Judge Cavan granted Bretz wide latitude given his *pro se* status, including excusing his failure to file a statement of disputed facts after specifically warning Bretz that he needed to file one with his response. (Doc. 39 at 6-7). Bretz timely objected, filing both objections and a supplemental brief. (See Doc. 42 and 43). The

Government responded. For the following reasons, the Court adopts the Findings and Recommendations in their entirety.

## I. Background

Bretz, pursuant to the FTCA, presented his claim administratively to the U.S. Postal Service ("USPS") on August 31, 2017. On September 29, 2017, the USPS denied his claim and advised Bretz that he could either file suit in United States District Court no later than six months after the denial was issued or he could seek reconsideration by the agency by filing a written request for reconsideration. Bretz sought agency reconsideration on March 20, 2018. The agency returned a final denial of his claim on March 28, 2018. In the final denial, the USPS notified Bretz that his remaining remedy was to file suit in United States District Court within six months after the date the USPS mailed the final notice. Bretz, on March 5, 2019, submitted a self-styled "petition" to the USPS seeking further reconsideration; the USPS responded that they had no authority to consider a second reconsideration and that the USPS had already informed Bretz of his available remedy. Bretz correspondingly filed the instant suit on July 8, 2019—15 months and ten days after the USPS mailed the final notice on March 28, 2018. The United States now moves for summary judgment because the statute of limitations under 28 U.S.C. § 2401(b) time-bars the claim and equitable tolling does not apply.

2

Judge Cavan found that the applicable deadline to file suit was September

28, 2018—six months after the USPS issued the final notice of denial. (Doc. 39 at

10). Judge Cavan noted that Bretz' "petition" had no impact on the statute of

limitations analysis as it was outside the prescribed bounds of the FTCA and the

applicable regulations. (Doc. 39 at 11). He further determined that equitable

tolling did not save Bretz. Equitable tolling applies to pause the usual running of a

limitations statute where a party "has pursued his rights diligently but some

extraordinary circumstance prevents [them] from meeting a deadline." *Kwai Fun*

*Wong v. Beebe*, 575 U.S. 402, 412 (2015) (internal citations and quotations

omitted). Judge Cavan found that Bretz failed to establish a genuine issue of

material fact that some circumstance prevented him from meeting the deadline.

(Doc. 39 at 12).

## II.   Standard of Review

The parties are entitled to *de novo* review of those findings or

recommendations to which they object. 28 U.S.C. § 636(b)(1). When neither

party objects, this Court reviews the Magistrate's Findings and Recommendation

for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656

F.2d 1309, 1313 (9th Cir. 1981). A party makes a proper objection "by identifying

the parts of the magistrate's disposition that the party finds objectionable and

presenting legal argument and supporting authority such that the district court is

able to identify the issues and the reasons supporting a contrary result. *Lance v. Salmonson*, 2018 WL 4335526 at *1 (D. Mont. Sept. 11, 2018).

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Id.*

In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 130, 150 (2000); *Anderson,* 477 U.S. at 249-50.  The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson,* 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.,* 504 F.3d 1017, 1020–21 (9th Cir. 2007)

//

//

//

4

## III.   Discussion

Plaintiff appears to make two distinct, if jumbled, objections.[1]  Bretz declares that the Magistrate erred by ruling that the statute of limitations bars the claim—Bretz claims that because he did not exhaust his administrative remedies dismissal constitutes a lack of "due process".  Bretz also objects that the Magistrate did not review the administrative record.  (Doc. 43 at 5-8).  The Government responds that exhaustion and the corresponding due process requirements do not apply in the fashion Bretz imagines.  The Government further notes that Plaintiff failed to present facts supporting or explaining why equitable tolling should apply in either his initial response or his objections.  (Doc. 46 at 14).

Bretz' objections are misplaced and incorrect.  The text of the statute and caselaw do not support Bretz' contention that further agency action beyond the initial denial and reconsideration were required.  From there, the analysis is straightforward: (1) was the action initiated within six months of the mailing of the notice of final denial; and (2) if not, does equitable tolling save the claim.  The answer to each prong is no.  The USPS plainly notified Bretz that he could file a suit within six months if he wished to further contest his claim and he chose not to

---

[1] The Court is doing its best to parse Plaintiff's filings here—Plaintiff identifies three issues in Doc. 43, but the first two issues appear to be the same issue. The grievances outlined in Doc. 42 also seem to duplicate these claims, but frankly their format and conflated legal jargon make a definitive determination difficult. To any extent Plaintiff objects in Doc. 42 or 43 beyond the objections dealt with in this Order, those objections are improperly raised and correspondingly denied.

file until over 15 months after the notice.  This material fact is uncontested.  Bretz

presents no reason or explanation as to why he was unable to meet this requirement

and file his claim.  As stated above, equitable tolling requires both extraordinary

circumstance and diligence on the party asserting it should apply—Bretz cannot

meet either prong even when the facts and circumstances are viewed in his favor.

Accordingly, Judge Cavan correctly determined that summary judgment in favor of

the United States is warranted.  The administrative record need not be reviewed

because it does not apply to the statute of limitations analysis.

## IV.   Conclusion

Judge Cavan's Findings and Recommendations (Doc. 39) are ADOPTED in

full.  Defendant United States' Motion for Summary Judgment (Doc. 26) is

GRANTED and, as no issues remain, the matter is DISMISSED with prejudice and

judgment shall be entered in favor of Defendants.


DATED this *23rd* day of September 2021.


SUSAN P. WATTERS
United States District Judge